**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| EMCASCO INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-339 CAS |
| | ) | |
| INNSBROOK CORPORATION, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a Joint Motion to Consolidate Actions filed by defendants Innsbrook Corporation and Howell and Sons Excavating, Inc. (collectively "defendants"). Defendants seek to consolidate the instant action with an action pending before Judge Catherine D. Perry.[1] The defendant in Judge Perry's case, Amerisure Insurance Company ("Amerisure"), opposes the motion to consolidate. No reply has been filed and the time to do so has passed. The motion to consolidate will be denied for the following reasons.

**Background**

In May 2009, defendant Innsbrook Corporation filed a lawsuit in St. Louis County Circuit Court against Howell and Sons Excavating, Inc. ("Howell"), Thompson Culvert Company, and IPEX USA, LLC (the "State Court Action"). In the State Court Action, Innsbrook alleged it sustained damages beginning in May 2008 due to the rupture, collapse, and failure of an IPEX pipe that Innsbrook alleges was defectively constructed and installed by defendant Howell. Howell made

---

[1]The case is styled <u>Innsbrook Corp. v. Amerisure Insurance Co.</u>, No. 4:10-CV-1667 CDP.

a claim for coverage of defense and/or indemnification against the State Court Action under a Commercial General Liability Policy issued by plaintiff Emcasco Insurance Company ("Emcasco").

In February 2010, Emcasco filed the instant action for declaratory judgment, seeking a declaration that it does not owe Howell a defense or indemnification regarding the allegations asserted against it by Innsbrook in the State Court Action. The defendants in this action are Innsbrook, Howell, Thompson Culvert Company ("Thompson") and IPEX USA, LLC ("IPEX").

In March 2010, Innsbrook, as an Additional Insured, filed a claim for coverage of the damages included in the State Court Action under two Commercial General Liability Policies issued by Amerisure Insurance Company ("Amerisure Policy") to Howell during construction and installation of the IPEX Pipe on Innsbrook's property. In July 2010, Amerisure denied Innsbrook's claim and Innsbrook filed a Petition for Declaratory Judgment against Amerisure in St. Louis County Circuit Court ("Amerisure State Action"), seeking a declaration of the respective rights and obligations of Innsbrook and Amerisure under Howell's Amerisure Policy, including whether or not Amerisure was obligated to provide coverage for losses suffered by Innsbrook. In September 2010, Amerisure removed the Amerisure State Action to this Court as Case No. 4:10-CV-1667 CDP.

**Discussion**

Defendants assert that consolidation of the two cases is appropriate because they both arise out of claims made by Innsbrook in the State Court Action, and involve substantially the same questions of law and operative facts. Defendants state that both cases directly affect the rights, interests and obligations of Howell and indirectly affect the rights and interests of Innsbrook, Thompson and IPEX with respect to the State Court Action. Defendants state that both cases request declaratory relief concerning the rights and obligations of the insurance parties under the Emcasco and Amerisure policies, and that the substantive issue is the same in both cases–whether the

insurance policies in question provided coverage for the damage Innsbrook claims as a result of the failure of the IPEX pipe. Defendants concede that Emcasco and Amerisure challenge coverage under their respective policies "upon somewhat different grounds," but assert the issue is "closely related to the substantive question." Jt. Mem. Supp. at 4.

Federal Rule of Civil Procedure 42(a), which governs consolidation of cases, provides:

If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

The Court has broad discretion in ordering the consolidation of matters, but that discretion is not unlimited. Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994). The Court may consolidate separate actions only when those actions involve a common question of law or fact. Id.; Rule 42(a), Fed. R. Civ. P. The Court must examine "the special underlying facts" with "close attention" before ordering consolidation. In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993) (citation omitted). The purpose of consolidation is to foster convenience and economy in administration. Enterprise Bank, 21 F.3d at 235. "The party moving for consolidation bears the burden of showing commonality of factual and legal issues in different actions." In Re Repetitive Stress Injury, 11 F.3d at 373 (citation omitted). Consolidation is not appropriate if it causes confusion or leads to delay, inefficiency, inconvenience, or unfair prejudice to a party. EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).

The Court finds defendants have failed to demonstrate that consolidation is appropriate. Beyond identifying that the cases involve the same general issue of whether an insurance policy provides for coverage for damages claimed by Innsbrook, defendants have not offered any specifics

3

to establish that the two cases have such common issues in fact underlying the allegations that consolidation is warranted. Although both cases involve the general issue of whether an insurance policy at issue provides coverage for damages sought by Innsbrook from the failure of a pipe it alleges was defectively constructed and installed by Howell, the cases do not involve the same parties or the same policy of insurance. The two matters concern two different insurance companies and their separate denials of coverage pursuant to two different policies of insurance. The fact that the causes of action are similar and that Innsbrook is a party in both cases is not sufficient to establish that consolidation is warranted. The Court believes the consolidation of these causes would result in a confusion of the factual issues that actually underlie the denials of coverage in the two matters.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion to Consolidate Actions is **DENIED**. [Doc. 50]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of November, 2010.

4